JOHN EDWARD JENKINSON, Respondent, *v.* MAUDE LUCILLE JENKINSON, Appellant.

First Department, October 30, 1925.

**Husband and wife — divorce — parties were married in Canada — adultery was committed in Ohio — plaintiff failed to establish under Civil Practice Act, § 1147, subd. 3, that he was resident of State of New York at time offense was committed by defendant.**

In an action for divorce in which it appears that the parties were married in Canada and that the offense charged was committed in the State of Ohio, the plaintiff failed to show, as required by subdivision 3 of section 1147 of the Civil Practice Act, that he was a resident of the State of New York at the time the offense was committed and, therefore, the judgment in his favor must be reversed and a new trial granted, but without costs, in view of the fact that the other allegations of the complaint were established.

APPEAL by the defendant, Maude Lucille Jenkinson, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of March, 1925, upon the decision of the court rendered after a trial at the New York Special Term.

*Arnold H. Barnett* [*Benjamin M. Gottesfeld* of counsel; *Jacob Stiefel* with him on the brief], for the appellant.

*Stewart Maurice*, for the respondent.

DOWLING, J.:

The sole question that requires discussion upon this appeal is whether respondent proved the necessary jurisdictional facts as to residence.

The particular act of adultery relied upon to support the judgment was committed at Youngstown, O., on November 15, 1921. The parties hereto were married at the city of Sarnia, in Ontario, Can., on February 27, 1902. Respondent seeks to bring himself

First Department, October, 1925.    [Vol. 214

within the provisions of section 1147, subdivision 3, of the Civil Practice Act, pursuant to which a husband or wife may maintain an action to procure a judgment of divorce upon the ground of adultery, " where the plaintiff was a resident of the State when the offence was committed and is a resident thereof when the action is commenced." Respondent concedes that the burden of proving both these facts is upon him, and pleaded them in his complaint. The answer admitted that respondent was at the time of the commencement of this action a resident of the State of New York, but denied that he was such resident at the time of the commission of the adultery in question. The only issue with which we are concerned is the attempt made to prove the latter allegation. The proof shows that plaintiff and defendant lived at Port Huron, Mich., from their marriage until 1914. Between the dates mentioned plaintiff lived at the following named cities: December 31, 1919, to April 1920, Syracuse, N. Y.; one week in April, 1920, New York city; two weeks in April, 1920, Terre Haute, Ind.; April, 1920, to March, 1921, Newark, N. J.; March, 1921, to May, 1921, New York city; May, 1921, to March, 1922, Youngstown, O.; March, 1922, to date of trial, New York city. The reason for these changes of residence was explained by plaintiff as due to his connection with a " chain store scheme," which necessitated his moving about the country for his employer. Plaintiff claimed that he had declared his intention to one Wolff, on coming to New York city in the spring of 1920, of making his residence there. Wolff said that plaintiff made such a declaration to him on Washington's birthday in 1920, when he was looking for employment here, but his answer was stricken out; however, he finally did testify that he " was very insistent that he should live in New York." But after this date he concededly lived with his wife at Newark, N. J., for over three months. In November, 1921, when the adultery was committed, respondent was living in Youngstown, O., where he was employed. His wife claims that she was employed at Newark, N. J., and did not reach Youngstown till November twenty-fifth; that she went to the City Hospital on December fourth, and thereafter went to live at 50 Wayne avenue in said city. Her husband in May, 1921, first lived at the Young Men's Christian Association in Youngstown, then at the house of a Mrs. Rader, then at the house of one Roosier. Concededly, all his mail was sent to him at Youngstown. He claims that he made his home in New York in 1921, and was a resident thereof in November, 1921. But concededly up to February, 1921, he lived with his wife at Newark, N. J., then came to New York in March to look for a position, which he got with the Astor Marine

Company, owning a chain of stores, in whose New York store he worked till May, when he was sent to Youngstown, where he was living at the time of the adultery.

His alleged residence in New York city is based on his six weeks' stay during said employment there, at a Turkish bath establishment in West One Hundred and Twenty-fifth street, which he described as " a stag hotel with the baths in connection." He does not appear to have had any furniture or effects of any kind there, and his wife was still living in Newark, N. J., while he was working in New York city and prepared to go wherever his employer sent him. He was an occupier of furnished rooms with no settled domicile. He never voted in New York until 1924, after this action was brought.

Meantime, respondent began an action in April, 1922, in the Court of Common Pleas, Mahoning county, State of Ohio, based on the adultery which forms the basis of the present suit, with other general allegations of improper conduct, and in the petition signed by his attorney there it was set forth that he had been a resident of the State of Ohio for at least one year last past. The petition upon trial was dismissed, upon the ground that " The court finds that plaintiff lived in Newark, N. J., for more than one year prior to coming to Ohio in May of 1921. Court finds plaintiff was located in Newark, N. J., with family and engaged in business there. Court, therefore, finds plaintiff had established residence in Newark and was not in Ohio one year when petition was filed."

As has been shown in the statement of facts hereinbefore, Newark, N. J., was the last marital domicile of both parties before they went separately to Ohio. At the time of the trial of that action, respondent concedes that he testified he was then living on Elm street, in Youngstown, O.

I am of the opinion that respondent utterly failed to prove that he was a resident of New York at the time of the commission of the adultery by appellant; and that the finding to that effect should be reversed.

The other findings I believe to be sufficiently supported by the evidence.

The judgment appealed from should, therefore, be reversed, and a new trial ordered, but in view of the proven facts in the case, without costs.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Judgment reversed and new trial ordered, without costs. Settle order on notice.